

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

November 6, 1974

The Honorable Mark W. White, Jr.
Secretary of State
Capitol Building
Austin, Texas

Dear Secretary White:

Opinion No. H- 442

Re: Should (1) branch pilots
and (2) public surveyors
incorporate as business
or professional corpora-
tions?

Your request for an opinion poses the following questions:

> 1. May one or more individuals who hold a com-
> mission as a Branch Pilot form a corporation
> pursuant to the Texas Business Corporation Act
> for conduct of their business, or should such a
> corporation be formed pursuant to the Texas Pro-
> fessional Corporation Act?

> 2. May one or more individuals who are Registered
> Public Surveyors form a corporation pursuant to
> the Texas Business Corporation Act for conduct of
> a surveying business, or should such a corporation
> be formed pursuant to the Texas Professional Cor-
> poration Act?

The Texas Business Corporation Act, Art. 2.01 B(2), Vol. 3A, V.T.C.S.
(hereinafter TBCA) provides:

> B. No corporation may adopt this Act or be
> organized under this Act or obtain authority to
> transact business in this State under this Act:
> . . .
> (2) If any one or more of its purposes for the
> transaction of business in this State is <u>to engage</u>

> in any activity which cannot lawfully be engaged
> in without first obtaining a license under the
> authority of the laws of this State to engage in
> such activity and such a license cannot lawfully
> be granted to a corporation. (Emphasis added)

The Texas Professional Corporation Act, Art. 1528e, Sec. 3, V.T.C.S. (hereinafter TPCA) provides:

> (a) 'Professional Service' means any type of
> personal service which requires as a condition
> precedent to the rendering of such service, the
> obtaining of a license, permit, certificate of
> registration or other legal authorization, and
> which prior to the passage of this Act and by
> reason of law, could not be performed by a
> corporation, including by way of example and
> not in limitation of the generality of the fore-
> going provisions of this definition, the personal
> services rendered by architects, attorneys-at-law,
> certified public accountants, dentists, public
> accountants, and veterinarians; provided, however,
> that physicians, surgeons, and other doctors of
> medicine are specifically excluded from the opera-
> tions of this Act, since there are established
> precedents allowing them to associate for the
> practice of medicine in joint stock companies.
>
> (b) 'Professional Corporation' means a corpora-
> tion organized under this Act for the sole and
> specific purpose of rendering professional service
> and which has as its shareholders only individuals
> who themselves are duly licensed or otherwise duly
> authorized within this state to render the same
> professional service as the corporation. (Emphasis
> added)

This Office has held that by virtue of these provisions, after the effective date of the TPCA, any profession except the practice of medicine can be incorporated and the services can be performed by a professional corporation. Attorney General Opinion No. M-551 (1970). The only question is under which act may those engaged in a particular activity incorporate.

Your first question concerns branch pilots.  The threshold issue is whether it is unlawful to engage in pilotage without a license.

The laws pertaining to branch pilots may be found in Articles 8248 to 8257 and 8264 to 8280, V. T. C. S.  These statutes provide for the examination, recommendation, appointment, and suspension or dismissal of branch pilots.  However, the only liability which is provided for one who engages in pilotage without a license is as follows:

> If any person not appointed a branch or deputy pilot shall pilot any ship or vessel out of or into any port when a branch or deputy pilot has offered such service, the person so piloting shall forfeit and pay to such branch or deputy pilot the sum of fifty dollars to be recovered by suit.  Art. 8277, V. T. C. S.; Art. 8257 is to the same effect.

This provision has been interpreted as follows:

> The statute contemplates that, under certain circumstances, an unlicensed pilot may act.  This is the effect of article 3803 [now 8277] . . . It can be seen that conditions may arise making it possible and proper for an unlicensed pilot to be called into service, and the legislature doubtless had such conditions in view when it enacted the above article. Olsen v. Smith, 68 S. W. 320, 323 (Tex. Civ. App. --Galveston 1902, writ ref'd ).

Thus, while pilotage is "one of the oldest recognized monopolies," Steinhort v. Commissioner of Internal Revenue, 335 F. 2d 496, 499 (5th Cir. 1964), and an unlicensed pilot may be liable to a licensed one who has offered the same service to a vessel, and may also be enjoined from competing, Olsen v. Smith, supra, the activity is not within the exclusion of Art. 2.01 B(2) of the TBCA because it is not an activity 'which cannot lawfully be engaged in without first obtaining a license . . . . "  Neither does it come within the definition of professional service in the TPCA because it is not a "type of personal service which requires as a condition precedent to the rendering of such service, obtaining a license . . . . "  Sec. 3a, Art. 1528e, V. T. C. S.

Incidentally, we also note that in the only reported case found which considered the issue of whether a ship pilot is a professional person, the court said:  " A skill such as that of these pilots, which one learns almost entirely by working at it, and not by academic study, is not what is commonly understood as a profession."  Abbott v. United States,  151 F. Supp. 929, 932 (Ct. Cl. 1957).

Since it is not unlawful to engage in pilotage without a license, Article 2.01 B(2) of the TBCA does not exclude branch pilots from incorporating under that Act, and in our opinion, that is the appropriate act under which branch pilots may incorporate.

Your second question concerns registered public surveyors.   The Registered Public Surveyors Act of 1955, Art. 5282a, V. T. C. S. makes it unlawful for any person to practice or offer to practice the profession of public surveying without being registered or exempted, and provides penalties for unlicensed practice of, a fine, confinement in jail, or both. It is clearly an activity for which a license is required.

The question then becomes whether the license of a public surveyor is such that it "cannot lawfully be granted to a corporation" within the meaning of the TBCA exclusion,  and whether the service is the type "which prior to the passage of this act [TPCA] and by reason of law, could not be performed by a corporation" within the meaning of professional service in the TPCA.

In prior opinions of this office concerning incorporation of professionals, express statutory provisions either permitting or prohibiting incorporation controlled.   Thus, in light of express provisions permitting professional engineers and architects to render their services through a corporation, it was held that these professions could only incorporate under the TBCA. Attorney General Opinions No. M-539 (1969) and M-551 (1970).  On the other hand, where specific provisions prevented podiatrists and public accountants from creating corporations through which to render their services, these professions were held to be within the terms of the TPCA.  Attorney General Opinions No. M-1185 (1972), and M-556 (1970).

There is dictum in a pre-TPCA Attorney General Opinion No. WW-884 (1960) that Article 2.01 B(2) was only intended to make clear that the TBCA did not repeal by implication the provisions of other laws prohibiting the carrying out of special functions by corporations.

We agree that express provisions control as to whether or not a particular service may be rendered through a business corporation. However, we disagree that Article 2.01 B(2) is only a savings clause. In the absence of an express provision permitting or prohibiting business incorporation of licensed activity, the licensing scheme as a whole may be considered to determine whether the activity is such that it could not lawfully be practiced through a business corporation.

The Registered Public Surveyors Act of 1955, Article 5282a, V.T.C.S., speaks in exclusively personal and individual terms, and no provision is made for licensing a corporation, nor for permitting the services of individuals registered as public surveyors to be rendered through a corporation. The act defines "person" as a "natural person" [Sec. 2(c)] and provides for registration of persons as public surveyors upon demonstration of qualifications including educational achievement and surveying experience. (Sec. 6). The act refers to the practice of public surveying as a "profession" [Secs. 2(b) & 8].

Since the act defines person as "natural person" and then prohibits "any person" from practicing or offering to practice public surveying, it is arguable that a corporation is not expressly prohibited from practicing. However, in our view, the structure and language of the act clearly did not contemplate that a corporation could be licensed, and brings public surveying within those activities intended to be excluded from incorporation under the TBCA by Art. 2.01 B(2) of that act. Being excluded from incorporation under TBCA, and being otherwise within the definition of "professional service" under Sec. 3(a) of the TPCA, it is our opinion that public surveyors wishing to incorporate must do so under the Texas Professional Corporation Act, Art. 1528e, V.T.C.S.

## SUMMARY

Branch pilots wishing to incorporate should do so under the Texas Business Corporation Act.

Registered public surveyors wishing to incorporate should do so under the Texas Professional Corporation Act.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

p. 2041

The Honorable Mark W. White, Jr., page 6 (H-442)

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee